UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X     1:15-cv-07188
BOCHUAN DU,

                                      Plaintiff,                                   **COMPLAINT**

      - against -

UNITED STATES OF AMERICA and
UNITED STATES POSTAL SERVICE,
                                                                 Jury Trial Is Demanded
                                        Defendants.
------------------------------------------------------------------X

1. Plaintiff BOCHUAN DU, by his attorneys, WINGATE, RUSSOTTI, SHAPIRO & HALPERIN, as and for his Complaint against the defendants, upon information and belief, alleges the following:

## NATURE OF THE ACTION

2. This is a civil action for money damages for personal injuries, past and future pain and suffering, past and future medical expenses incurred, past and future loss of earnings, and any other legally compensable items of damage, arising from the negligent, careless, reckless and/or wrongful acts of the defendants, by reason of the negligent, careless, reckless and/or wrongful operation of a United States Postal Service vehicle by Kenoll Wilson, who was acting within the scope of his agency, servancy, employment and/or office with the United States Postal Service on January 8, 2015, at approximately 6:30-7:00 p.m., when a United States Postal Service vehicle operated by Kenoll Wilson struck and/or otherwise came into contact with Plaintiff BOCHUAN DU. As a result of the collision, Plaintiff BOCHUAN DU suffered numerous serious, severe and permanent personal injuries, including the fracture and partial amputation of a toe.

## SUBJECT MATTER JURISDICTION

3. This is an action arising under the Federal Tort Claims Act, Sections 2671 through 2680 of Title 28 of the United States Code.
4. This Court is vested with jurisdiction pursuant to 28 U.S.C.A. § 1346(b).
5. On January 28, 2015, Plaintiff BOCHUAN DU filed an administrative claim pursuant to the Federal Tort Claims Act.
6. On January 28, 2015, Plaintiff BOCHUAN DU filed an administrative claim pursuant to the Federal Tort Claims Act with the United States Postal Service.
7. Plaintiff BOCHUAN DU's claim was a timely filed claim.
8. Plaintiff BOCHUAN DU's claim was filed with the appropriate entity.

9. Plaintiff BOCHUAN DU's claim was in valid form.
10. Plaintiff BOCHUAN DU's claim was signed by Plaintiff BOCHUAN DU.
11. Plaintiff BOCHUAN DU's claim contained a sum certain with respect to damages.
12. As of September 11, 2015, no action has been taken with respect to Plaintiff BOCHUAN DU's claim.
13. This action is timely filed pursuant to 28 U.S.C.A. § 2401(b).

## VENUE

14. At all material times, Plaintiff BOCHUAN DU was a resident of New York County, State of New York.
15. The causes of action which are contained herein arose in New York County, State of New York.
16. The UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF NEW YORK is thus the proper venue for the present suit.
17. Venue is proper in this District Court pursuant to 28 U.S.C.A. § 1391(e).
18. At all material times, Defendant UNITED STATES OF AMERICA was a sovereign nation.
19. At all material times, Defendant UNITED STATES POSTAL SERVICE was an agency of Defendant UNITED STATES OF AMERICA, and or was created by an Act of Congress.

## STATEMENT OF FACTS & CLAIM FOR NEGLIGENCE

20. On January 8, 2015, Defendant UNITED STATES OF AMERICA and/or Defendant UNITED STATES POSTAL SERVICE was the owner of the aforementioned United States Postal Service vehicle, which was, upon information and belief, assigned license plate number 4871337.
21. On January 8, 2015, Defendant UNITED STATES OF AMERICA and/or Defendant UNITED STATES POSTAL SERVICE controlled the aforementioned United States Postal Service vehicle.
22. On January 8, 2015, Defendant UNITED STATES OF AMERICA and/or Defendant UNITED STATES POSTAL SERVICE maintained the aforementioned United States Postal Service vehicle.
23. On January 8, 2015, Defendant UNITED STATES OF AMERICA and/or Defendant UNITED STATES POSTAL SERVICE, via their agents, servants, employees and/or officers, operated the aforementioned United States Postal Service vehicle.
24. On January 8, 2015, Kenoll Wilson controlled the aforementioned United States Postal Service vehicle.
25. On January 8, 2015, Kenoll Wilson maintained the aforementioned United States Postal Service vehicle.
26. On January 8, 2015, Kenoll Wilson operated the aforementioned United States Postal Service vehicle.

27. On January 8, 2015, Kenoll Wilson operated the aforementioned United States Postal Service vehicle with the permission, knowledge and/or consent of the owner of said vehicle.

28. On January 8, 2015, Kenoll Wilson operated the aforementioned United States Postal Service vehicle within the scope of his agency, servancy, employment and/or office.

29. On January 8, 2015, Kenoll Wilson was an agent, servant, employee and/or officer of Defendant UNITED STATES OF AMERICA and/or Defendant UNITED STATES POSTAL SERVICE.

30. On January 8, 2015, Kenoll Wilson operated the aforementioned United States Postal Service vehicle within the scope of his agency, servancy, employment and/or office with Defendant UNITED STATES OF AMERICA and/or Defendant UNITED STATES POSTAL SERVICE.

31. On January 8, 2015, the intersection of Fifth Avenue and E. 31st Street, New York County, State of New York, was a public thoroughfare intended for the use of motorists and pedestrians.

32. On January 8, 2015, at approximately 6:30-7:00 p.m., Kenoll Wilson was operating the aforementioned motor vehicle at or near the intersection of Fifth Avenue and E. 31st Street, New York County, State of New York.

33. On January 8, 2015, at approximately 6:30-7:00 p.m., Plaintiff BOCHUAN DU was a pedestrian at or near the intersection of Fifth Avenue and E. 31st Street, New York County, State of New York.

34. As Plaintiff BOCHUAN DU was lawfully walking and/or crossing the street at the aforementioned location he was struck by the aforementioned United States Postal Service vehicle which was being operated by Kenoll Wilson.

35. The aforesaid occurrence, and the resulting injuries to Plaintiff BOCHUAN DU discussed below, were directly and proximately caused solely by reason of the negligence, carelessness and recklessness of Defendant UNITED STATES OF AMERICA and/or Defendant UNITED STATES POSTAL SERVICE, its agents, agencies, servants, employees, and/or officers, in the ownership, operation, maintenance and control of their motor vehicle while acting within the scope of their agency, servancy, employment and/or office, without any negligence, carelessness or recklessness on the part of Plaintiff BOCHUAN DU contributing thereto.

36. Kenoll Wilson was negligent in, inter alia, failing to keep a reasonably careful lookout for pedestrians, failing to see that which was there to be seen, failing to operate the vehicle with reasonable care to avoid hitting any pedestrians on the roadway, failing to obey an official traffic control device, making an unsafe lane change and/or driving maneuver, entering a pedestrian crosswalk when it was not safe to do so, and failing to yield the right of way to Plaintiff BOCHUAN DU, a pedestrian.

37. The aforesaid negligence of Kenoll Wilson is imputed to Defendant UNITED STATES OF AMERICA and/or Defendant UNITED STATES POSTAL SERVICE.

**DAMAGES**

38. Plaintiff BOCHUAN DU was seriously, severely and permanently injured as a result of being struck by the motor vehicle operated by Kenoll Wilson.

37. Plaintiff BOCHUAN DU's injuries included, but were not limited to, a fractured and partially amputated toe.

38. Plaintiff BOCHUAN DU was hospitalized and thereafter required the services of orthopedists, orthopedic surgeons, physical therapists, neurologists, neurosurgeons, and pain management doctors, among other heath care professionals, due to the injuries alleged herein.

39. Plaintiff BOCHUAN DU was thereafter required to undergo surgical intervention, due to the injuries alleged herein.

40. Plaintiff BOCHUAN DU has been, and will continue to be, confined to his bed and/or home on an intermittent, ongoing and recurrent basis, due to the injuries alleged herein.

41. By reason of the foregoing occurrence, Plaintiff BOCHUAN DU sustained serious injury as defined in Section 5102 (d) of the Insurance Law of the State of New York and/or economic loss greater than basic economic loss as defined in Section 5102 (a) of the Insurance Law of the State of New York.

42. The aforesaid occurrence and resulting serious, severe and permanent personal injuries to Plaintiff BOCHUAN DU have caused him to suffer significant past and future conscious pain and suffering, loss of enjoyment of life, loss of ability to perform daily tasks, loss of ability to participate in the activities which were a part of his daily life before the injuries, and loss of ability to experience the pleasures of life, which are expected to continue into the indefinite future.

43. The aforesaid occurrence and resulting serious, severe and permanent personal injuries to Plaintiff BOCHUAN DU have further caused him to suffer mental suffering, emotional injury, psychological injury, and physical consequences resulting from the emotional distress caused by the wrongful acts of Defendant UNITED STATES OF AMERICA and/or Defendant UNITED STATES POSTAL SERVICE, which are expected to continue into the indefinite future.

44. The aforesaid occurrence and resulting serious, severe and permanent personal injuries to Plaintiff BOCHUAN DU have further caused him to incur expenditures for medical services and medicines, including physician's charges, nursing charges, hospital expenses, diagnostic expenses, and X-ray/M.R.I. charges, as well as other reasonable and necessary expenses, which are expected to continue into the indefinite future.

45. The aforesaid occurrence and resulting serious, severe and permanent personal injuries to Plaintiff BOCHUAN DU have further caused him to suffer loss of earnings as a result of his injuries and resultant physical inability to hold productive employment, which are expected to continue into the indefinite future.

**REMEDY SOUGHT**

46. The aforesaid occurrence and resulting serious, severe and permanent personal injuries to Plaintiff BOCHUAN DU have caused him to be damaged in an amount to be determined, but in no event less than $2,000,000.00 (TWO MILLION DOLLARS).

**JURY DEMAND**

Plaintiff BOCHUAN DU demands a trial by jury, pursuant to F.R.C.P. § 38(d), on all

issues on which Plaintiff BOCHUAN DU is so entitled.

**WHEREFORE**, Plaintiff BOCHUAN DU demands judgment against Defendant UNITED STATES OF AMERICA and/or Defendant UNITED STATES POSTAL SERVICE in the amount of $2,000,000.00 (TWO MILLION DOLLARS), together with the costs and disbursements of this action and such and further relief as the Court deems just and proper.

Dated: New York, New York  
       September 11, 2015

Yours, etc.,

Joseph Stoduto (JS5731)  
WINGATE, RUSSOTTI, SHAPIRO & HALPERIN  
Attorneys for Plaintiff  
420 Lexington Avenue, Suite 2750  
New York, NY 10170  
(212) 986-7353